IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACK BELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION |
| | § | NO. 3:08-CV-1834-K |
| DALLAS COUNTY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Dallas County's Motion for Summary Judgment
(Doc. No. 29), filed on September 15, 2009 and Plaintiff Jack Bell's Motion to Compel
Answers to Interrogatories and Production of Documents (Doc. No. 28), filed on
September 8, 2009.   Because Plaintiff fails to establish a prima facie case of
discrimination under the Family and Medical Leave Act ("FMLA") or rebut Defendant's
non-discriminatory reason for terminating Bell, the Court **GRANTS** Defendant's
Motion for Summary Judgment and **DENIES as moot** Plaintiff's Motion to Compel.

## I.      Factual and Procedural Background

Plaintiff Jack Bell ("Bell") was hired by Defendant Dallas County ("County") to
work in the Department of Health and Human Services as a Disease Intervention
Specialist III, HHS/VD epidemiology.  He held this position from March 6, 2006 until
his termination on April 21, 2008.  The County alleges Bell was ultimately discharged

due to excessive absences; however, Bell asserts his firing was the result of retaliation for exercising his rights under the FMLA.

Bell suffers from chronic allergic rhinitis and ceruminosis (excessive earwax). Both health conditions led to numerous absences from work. Many of these absences occurred before Bell worked the requisite length of time to be eligible for protection under the FMLA. On October 2, 2007, however, Bell was granted an "intermittent" leave of absence under the FMLA, which was to continue through October 1, 2008 or when 480 hours had been used.

Despite accounting for Bell's leave under the FMLA, the Program Manager and the Assistant Director for the Dallas County Health and Human Services determined that Bell had excessive absences. As a result, the County issued multiple verbal and written warnings to Bell. The County's warnings stem from violations of its attendance policy regarding "excessive absences," which is defined as "absence from work for more than six days or a total of forty-eight hours during a twelve-month period and the absences are either frequently unplanned or indicate a pattern . . . [or] office productivity and the quality of services offered is negatively impacted." Def.'s App. 43. But, the attendance policy specifically states that absences "due to injuries or illnesses resulting in family and medical leave being utilized will not be counted as excessive until the employee has exhausted all family and medical leave and either continues to lose time or is not able to return to work." Def.'s App. 43.

Despite warnings regarding his frequent absences, Bell missed multiple days of work in February and March.  When questioned about these absences, Bell sent a letter to the County stating that he has "not requested the use of FMLA since February 1, 2008." Def.'s App. 20.  Moreover, he declared that "[a]t this time I am well enough to be at work so I see no reason why I should not be there. . . .  I appreciate your extension of the FMLA but I have no need to exhaust the requirements at this time." Def.'s App. 20.  Bell subsequently missed numerous days of work in April ending in his termination on April 21, 2008 for excessive absences.  At no time was the County provided notice whether Bell was considering these absences protected under the FMLA.  Thus, even accounting for Bell's intermittent leave under the FMLA, the County determined that Bell failed to comply with the County's attendance policy, which led to his discharge.

In response to the County's actions, Plaintiff filed this lawsuit on October 14, 2008 asserting Defendant retaliated against him because he exercised his rights under the FMLA.  Plaintiff also alleged that Defendant discriminated against him because of his disabilities in violation of the Americans with Disabilities Act ("ADA").  Plaintiff voluntarily dismissed his claims under the ADA.  Defendant subsequently moved for summary judgment on the basis that Plaintiff was fired for excessive absences not for exercising rights under the FMLA.

## II.    Legal Standard

Summary judgment is appropriate when the pleadings, affidavits, and other

summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *U.S. Philips Corp. v. Iwasaki Elec. Co.*, 505 F.3d 1371, 1374 (Fed. Cir. 2007). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322–25. Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show that summary judgment should not be granted; the nonmovant may not rest upon the allegations in the pleadings, but must support the response to the motion with summary judgment evidence showing the existence of a genuine fact issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–57 (1986).

In considering whether genuine issues of material fact exist, the court must determine whether a reasonable jury could return a verdict for the nonmoving party in the face of all evidence presented. *Id.* at 249. All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

## III.   Analysis

In order to establish a prima facie case of FMLA retaliation, Plaintiff must prove that: (1) he engaged in a protected activity; (2) Defendant discharged him; and either (3a) Plaintiff was treated less favorably than an employee who had not requested leave

under FMLA, or (3b) the adverse decision was made because Plaintiff took FMLA leave. *Richardson v. Montitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005); *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 768 (5th Cir. 2001).  "[T]he plaintiff does not have to show that the protected activity is the only cause of her termination."  *Mauder v. Metro. Transit Auth.*, 446 F.3d 574, 583 (5th Cir. 2006).  Instead, the plaintiff need only show that "the protected activity and the adverse employment action are not completely unrelated."  *Id.*

There is no question that Plaintiff has established the first and second prong of the standard.  In order to establish the third prong, Plaintiff must establish a causal link between the protected activity and the discharge—in this case—that an adverse decision was made because Plaintiff took FMLA leave.

When direct evidence is unavailable, a plaintiff can prove discrimination using the "modified *McDonnell Douglas* approach."  *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004).  As modified, *McDonnell Douglas* consists of three stages.  First, Plaintiff must establish a prima facie case of discrimination, which "creates a presumption that the employer unlawfully discriminated against the employee."  *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981).  The burden then shifts to the Defendant to articulate a legitimate, non-discriminatory reason for Plaintiff's discharge.  *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506–07 (1993).  Defendant's burden is one of production, not proof, and involves no credibility assessments.  *West*

*v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 385 (5th Cir. 2003).   Finally, if the Defendant meets its production burden, then the Plaintiff may proceed under one of two alternatives: the pretext alternative or the mixed-motives alternative.   *Rachid*, 376 F.3d at 312.   Under the pretext alternative, the Plaintiff must "offer sufficient evidence to create a genuine issue of material fact . . . that the defendant's reason is not true, but is instead a pretext for discrimination."   *Id.* (internal quotation marks omitted).   Under the mixed-motives alternative, Plaintiff must offer sufficient evidence to create a genuine issue of material fact "that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic[.]"   *Id.* (internal quotation marks omitted).

In the present case, Plaintiff has failed to establish a prima facie case of discrimination, as enumerated above.   There is no evidence that Plaintiff was fired for taking FMLA leave.   The County did not characterize Plaintiff's FMLA leave as part of his "absences."   Moreover, Plaintiff declared in a letter that his absences were not FMLA related.   Consequently, Plaintiff fails to provide sufficient evidence to establish a prima facie case of discrimination under the FMLA.

Even assuming Plaintiff could establish a prima facie case of discrimination, Plaintiff never rebuts Defendant's non-discriminatory reason for discharging Plaintiff—excessive absences.   Because Defendant provided a non-discriminatory reason for firing Plaintiff, Plaintiff must refute this reason under either a pretext or

mixed-motives theory.    Plaintiff argues that Defendant's reason—absences from work—are discriminatory because leave protected under the FMLA was included in determining Plaintiff violated the County's attendance policy.    But, the County's termination letter does not include any absences where FMLA leave was applied. Moreover, Plaintiff's letter asserting that FMLA leave had not been used since February 1, 2008 directly contradicts Plaintiff's argument.    Therefore, Plaintiff fails to show that Defendant's nondiscriminatory reason for its decision was a pretext for retaliation. Furthermore, Plaintiff cannot demonstrate that his use of FMLA leave was at least a motivating factor in the County's decision to fire him.

Because Plaintiff does not produce any evidence to raise a genuine issue of material fact that Plaintiff's leave under FMLA was a motivating factor in regards to Defendant's actions, summary judgment is appropriate.

## IV.    Conclusion

For these reasons the Court **GRANTS** summary judgment for Defendant on all claims and dismisses this action with prejudice by judgment filed today.    Furthermore any outstanding motions are **DENIED as moot.**

**SO ORDERED.**

Signed March 25th, 2010.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE

- 7 -