IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACK BELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. |
| v. | § | |
| | § | 3:08-CV-1834-K |
| DALLAS COUNTY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This case has been returned after an appeal to the United States Court of Appeals for the Fifth Circuit, with instructions to investigate whether or not Plaintiff Jack Bell has asserted a claim for violations of his prescriptive rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.* For clarity, some context is in order.

**I.     Background**

On October 14, 2008, Mr. Bell filed this lawsuit against Defendant Dallas County ("the County") for violations of Mr. Bell's rights under the FMLA and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* Mr. Bell filed his first amended complaint on January 12, 2009, making it his live pleading to which this Court looked to determine his claims. *Clark v. Tarrant County*, 798 F.2d 736, 740 (5th Cir. 1986) ("[a]n amended complaint entirely supersedes and takes the place of an original

pleading, rendering the original complaint of no legal effect.")  For the purposes of this opinion, Mr. Bell's first amended complaint left his FMLA and ADA claims unchanged.

On May 6, 2009, Mr. Bell filed a motion for summary judgment on his FMLA claim.  Doc. No. 16.  In both his motion and its attached brief, Mr. Bell informed the Court that he was no longer pursuing his ADA claim against the County.  *See* Doc. No. 16 at 1; Doc. No. 17 at 1.  With that voluntary dismissal of his ADA claim, only Mr. Bell's FMLA claim remained.  In its response to Mr. Bell's motion for summary judgment, the County challenged Mr. Bell's assertion that he had pleaded claims for violations of both his prescriptive rights and his proscriptive rights under the FMLA.  *See* Def. Resp. to Pl. Mot. for Summary Judgment at 2–3, Doc. No. 20.  "Prescriptive rights" are ones that allow an eligible employee to take up to 12 weeks of unpaid leave for serious health conditions and to be restored to the same position, or an equivalent one, upon return.  *Hunt v. Rapides Healthcare Sys., LLC.*, 277 F.3d 757, 763 (5th Cir. 2001).  "Proscriptive rights" are ones that protect an employee from retaliation for exercising his substantive FMLA rights.  *Id.*  To avoid confusion, Mr. Bell's claim for violation of his "prescriptive rights" will be referred to as an "interference claim" and his claim for violation of his "proscriptive rights" will be referred to as a "retaliation claim."  Mr. Bell asserted in his reply that he properly pleaded an interference claim, Doc. No. 24 at 2–4, and maintained that position in his response to the County's motion for summary judgment three months later, Doc. No. 33 at 15–19.  At the same time, Mr. Bell stood

on his first amended complaint and did not amend it a second time to clarify his claims. On June 15, 2009, this Court denied Mr. Bell's motion for summary judgment. Doc. No 25.

This Court granted the County's motion for summary judgment on all of Mr. Bell's claims on March 25, 2010. Doc. No. 42. Mr. Bell appealed, stating this Court erred by denying his motion for summary judgment and by granting the County's motion. Doc. No. 43.

On appeal, the Fifth Circuit affirmed this Court's ruling that Mr. Bell's claim for FMLA retaliation failed as a matter of law. *Bell v. Dallas County*, No. 10-10317, 2011 WL 2672224, *3 (5th Cir. July 8, 2011). However, the panel also vacated this Court's judgment so far as it related to Mr. Bell's claim for interference with his FMLA rights. *Id*. Stating it did not have enough information to adequately review this Court's actions, the panel remanded the case with instructions to determine whether or not Mr. Bell has stated an interference claim. *Id*. at *4.

## II.     Mr. Bell did not state an interference claim

Upon remand, this Court has reviewed Mr. Bell's first amended complaint again. The Court reaches the same conclusion as before: Mr. Bell only alleges a claim for retaliation. More specifically, Mr. Bell:

(1)     titled his cause of action "Family and Medical Leave Act Discrimination," Doc. No. 13 at 6, the same title given in the FMLA section that provides for retaliation claims, 29 U.S.C. § 2615(a)(2);

    (2)    he uses the words "discharge," Doc. No. 13 at ¶ 5.04, and "termination," *id*. at ¶ 5.05, to describe the situation surrounding his claim, instead of words like "restored," "equivalent," or "benefits, pay, and other conditions of employment," *see* 29 U.S.C. § 2614(a)(1) (defining position and benefit protections for interference claims); and

    (3)    he does not allege he is seeking relief for the County's failure to either grant him leave under the FMLA or to restore him to the same position, or an equivalent one, upon his return.

Mr. Bell argues that he adequately pleaded an interference claim when he incorporated by reference several factual allegations, namely that the County attempted to place him on full-time FMLA leave because of excessive absences instead of intermittent leave. Doc. No. 24 at 2–4. Assuming such an action could qualify as an interference with Mr. Bell's FMLA rights, his complaint does not identify an interference claim as a cause of action, nor does it track the language of the FMLA's interference provisions in his only cause of action that mentions the FMLA. Mr. Bell also responded to the County's challenges by arguing these factual allegations had been incorporated by reference into his overarching FMLA claim. Doc. No. 24 at 4 ("Such facts and circumstances were expressly incorporated into Plaintiff's FMLA count. First Amended Complaint, ¶ 5.01"). Such an incorporation is not a "short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), which can be expected to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

What is most confusing is that Mr. Bell continues to assert there are not only two

separate theories of relief but two separate causes of action contained in his first amended complaint under the section entitled "First Count." Doc. No. 13 at 6. This Court was not the only one confused by Mr. Bell's method of pleading. *See* Def. Resp. to Pl. Mot. for Summary Judgment, Doc. No. 20 at 2 ("As undersigned counsel reads the pleadings, and she certainly could be wrong in that reading, there is no count in the amended complaint that alleges the County interfered with Plaintiff's 'right to intermittent leave by refusing to reinstate him following leave in March 2008 . . . .'").

The reasoning of the opinion from the panel in *Baham v. McLane Foodservice, Inc.*, No. 10-10944, 2011 WL 2623575, *4 n.1 (5th Cir. July 1, 2011), may be instructive. In the *Baham* opinion, issued one week before the appellate opinion in this case, the other panel affirmed a decision by the district court which granted summary judgment on the plaintiff's FMLA retaliation claim while at the same time finding the plaintiff failed to adequately plead a claim for interference with his FMLA rights. *Id.* The plaintiff's description of his claim in *Baham* mirrors almost exactly Mr. Bell's description of his claim in this case. *Compare* Complaint at ¶¶ 5.01–5.07, *Baham v. McLane Foodservice, Inc.*, No. 3:09-CV-914-O (N.D. Tex. May 18, 2009), ECF No. 1 *with* Pl. First Am. Compl. at ¶¶ 5.01–5.08, Doc. No. 13. In both cases, the plaintiffs failed to "mention [an interference] claim, set forth claims that track the FMLA's interference provisions, or indeed give any indication that [the plaintiff] intended to allege an interference claims." *Baham*, 2011 WL 2623575, *4 n.1. The only difference between

the two appears to be Mr. Bell's factual allegations discussed earlier. While *Baham* is an unpublished opinion and therefore not binding on this Court, 5th Cir. R. 47.5.4, it may still be considered as persuasive authority, *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006). This Court finds the reasoning of the panel in *Baham* sound and agrees with its conclusion.

### III. Mr. Bell's interference claim fails as a matter of law

Even if Mr. Bell has stated an interference claim, it fails as a matter of law. A district court may enter summary judgment *sua sponte*, so long as the losing party was on notice to come forward with all his evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Mr. Bell has attempted to demonstrate for this Court the strength of his interference claim multiple times, *see* Pl. Mot. for Summary Judgment at 12–16, Doc. No. 17; Reply to Pl. Mot. for Summary Judgment at 5–7, Doc. No. 24; Resp. to Def. Mot. for Summary Judgment at 15–19, Doc. No. 33, which provides the Court with all the evidence and argument required to decide Mr. Bell's interference claim as a matter of law. *Celotex*, 477 U.S. at 326.

To present an interference claim, the plaintiff must show: (1) that he is an eligible employee under the FMLA; (2) the defendant is an employer subject to the requirements of the FMLA; (3) the employee was entitled to FMLA leave; (4) the employee gave notice to the defendant of his intention to take FMLA leave; and (5) the defendant denied him benefits to which he was entitled under the FMLA. *Jordan v. Tex. Dep't of*

*Aging & Disabilities Serv.*, No. 9:05CV161, 2006 WL 1804619, *6 (E.D. Tex. June 28, 2006) (citing *Hunt v. Rapides Healthcare Sys., LLC.*, 277 F.3d 757, 763 (5th Cir. 2001)). Typical leave under the FMLA allows an eligible employee up to 12 weeks of leave per year for health or family-related reasons. 29 C.F.R. § 825.200(a) (2011). Intermittent leave under the FMLA allows an employee to take leave in separate blocks of time due to a single qualifying reason instead of using it all at once. 29 C.F.R. § 825.202(a) (2011). It is undisputed that Mr. Bell requested, and was approved for, intermittent FMLA leave in October 2007. App. to Pl. Resp. at 58, 62, Doc. No. 34. The County does not argue that Mr. Bell was ineligible for or not entitled to FMLA benefits, that the FMLA doesn't apply to the County, or that Mr. Bell failed to give notice of leave. The County only asserts Mr. Bell can provide no evidence that the County denied him benefits due under the FMLA.

In support, the County points to a letter written by Mr. Bell. On March 31, 2008, LaShonda Worthey, a program manager in Dallas County's Health and Human Services Department, wrote Mr. Bell a letter informing him that he was being placed on full-time FMLA leave because he had worked only four hours over the previous two weeks. App. to Def. Mot. for Summary Judgment at 19. Ms. Worthey's letter stated Mr. Bell's "attendance . . . [was] problematic" and that placing him on full-time leave would allow the County to "plan schedules in order to ensure proper staffing . . . ." *Id*. On April 1, 2008, Mr. Bell wrote back that none of his time away from work from

February 1, 2008 until the date of the letter was FMLA-related, and that he had "no need to exhaust the [FMLA] entitlements at this time." *Id.* at 20.

Mr. Bell argues the County is misconstruing his letter: he states he did not waive his FMLA rights in his letter to Ms. Worthey, that it was impossible for him to waive those rights, *see* 29 C.F.R. § 825.220(d) (2011), and that he was still on intermittent leave after the letter. Pl. Resp. to Def. Mot. for Summary Judgment at 7–8, 17–18. Mr. Bell's argument misses the point. Assuming all of his arguments are correct, they don't change the fact that Mr. Bell states in his letter that his absences in February and March 2008 were not FMLA leave and that he had no need to be put on full-time FMLA leave. App. to Def. Mot. for Summary Judgment at 20. The County could not have interfered with Mr. Bell's FMLA rights if he wasn't attempting to exercise them in February and March 2008.

Mr. Bell's second allegation that the County interfered with his FMLA rights is that the County failed to reinstate him in April 2008 after he took days off for FMLA reasons. Pl. Resp. to Def. Mot. for Summary Judgment at 18. However, the Fifth Circuit concluded during Mr. Bell's appeal, as a matter of law, that he was terminated in April 2008 not for using his FMLA leave but for violating the County's attendance policy. *Bell v. Dallas County*, No. 10-10317, 2011 WL 2672224, *6 (5th Cir. July 8, 2011). The fact that Mr. Bell lost his job on April 21, 2008 had nothing to do with using his FMLA benefits. *Id.*

IV.     Conclusion

The only claim still live at the time the County filed its motion for summary judgment was Mr. Bell's claim for FMLA retaliation. Therefore, after granting the County's motion, it was proper for this Court to enter a final judgment which disposed of all claims and all parties. *Askanase v. Livingwell, Inc.*, 981 F.2d 807, 810 (5th Cir. 1993).

Even if Mr. Bell has stated a claim for interference with his FMLA rights, that claim fails as a matter of law because there is no evidence the County denied him benefits to which he was entitled under the FMLA. Judgment will be entered in a separate document. FED. R. CIV. P. 58(a).

**SO ORDERED**.

Signed August 30th, 2011.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE